UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MARTHA GONZALEZ,

                      Plaintiff,

  -against-

UNITED STATES OF AMERICA,

                      Defendant.
-------------------------------------------------------X

Case No.: 22-cv-3370

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff Martha Gonzalez ("Plaintiff"), by and through her attorneys, Denlea & Carton LLP, for her Complaint against defendant United States of America, states as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for the refund and abatement of federal taxes, penalties and interest, and for the release of liens assessed against Plaintiff by the Internal Revenue Service (the "IRS").

2.     The IRS has unlawfully and erroneously assessed tax liabilities against Plaintiff based on nothing more than her status as the spouse of the owner and sole shareholder of Camabo Industries, Inc. ("Camabo"), a local construction business based in Nassau County. Plaintiff, however, was not a "responsible person" for Camabo under the law. Therefore, she cannot be held personally responsible for Camabo's employment tax obligations.

3.     In 2012 and 2013, Camabo failed to pay employment taxes. The IRS has since unjustly pursued Plaintiff for years for payment, even though Plaintiff was not an officer of Camabo, did not manage the company's day-to-day functions, had no control over the tax, financial, or business operations of Camabo, did not prepare, review, sign, or file any

1

employment tax returns on Camabo's behalf, and was not involved in communications or relationships with any government agencies.

4. Without any basis in law or fact, the IRS has spent years threatening Plaintiff with the prospect of levying her property in a bid to hold her personally liable in what can only be described as a strategy of trying to establish responsibility by association. At every turn, Plaintiff has disputed and challenged the IRS's collection efforts, with her protests falling on deaf ears.

5. Because Plaintiff is not a "responsible person" under 26 U.S.C. § 6672, there is no basis under the Internal Revenue Code to hold Plaintiff personally liable for the employment tax liabilities of Camabo. As such, all outstanding tax liens and assessments against Plaintiff must be released and abated.

## JURISDICTION

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1), 28 U.S.C. § 1331 and 26 U.S.C. § 7422.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) as Plaintiff resides in Nassau County, New York, in the Eastern District of New York.

## THE PARTIES

8. Plaintiff is an individual who resides in Nassau County, New York.

9. Defendant is the United States of America.

## FACTUAL BACKGROUND

10. Camabo is a New York corporation that has been engaged in the contracting and construction business since 2003.

11. Plaintiff is the wife of Camabo's Chief Executive Officer and Principal, Boris Gonzalez ("Gonzalez").

12. In or around 2013, the IRS assessed tax liabilities against Camabo and issued a lien against Gonzalez as a "responsible" person for Camabo's failure to remit to the IRS federal income taxes withheld on behalf of its employees.

13. The IRS subsequently assessed taxes, penalties and interest against Plaintiff based on its erroneous determination, pursuant to 26 U.S.C. § 6672, that she too was a "responsible person" for the employment taxes for Camabo.

14. On or about July 14, 2014, the IRS assessed tax liabilities against Plaintiff for employment taxes that were not paid by Camabo for the quarters ending on (i) December 31, 2012, (ii) March 31, 2013 (iii) June 30, 2013, (iv) September 30, 2013 and (v) December 31, 2013.

15. Despite promptly challenging the assessments in the ensuing months, the IRS issued Plaintiff a "Final Notice – Notice of Intent to Levy and Notice of Your Right to a Hearing," on or about April 29, 2016, demanding payment on all assessments for the tax periods at issue.

16. Plaintiff contested the final notice, reiterating once again that she could not be personally liable under 26 U.S.C. § 6672 as she did not meet the definition of a "responsible person."

17. On or about June 21, 2016, the IRS issued a Notice of Determination, baselessly upholding the erroneous assessments.

18. On or about June 22, 2017, over the repeated protestations from Plaintiff's tax counsel – exhaustively explaining that Plaintiff clearly did not meet the threshold of a "responsible person" under the Internal Revenue Code – the IRS filed a tax lien against Plaintiff with the Schoharie County Clerk in the amount of $1,366,796.72.

19. In the years following the filing of the lien, Plaintiff's tax counsel continued to dispute the legal validity of the assessments and lien issued against Plaintiff and asked that it be discharged. The IRS flatly refused to do so in every instance.

20. Despite the IRS's position, there is no legal basis for the IRS to pursue collection for unpaid taxes against Plaintiff.

21. Plaintiff was not a person responsible for collecting, truthfully accounting for, or paying the employment taxes of Camabo, and Plaintiff did not willfully fail to collect, truthfully account for, or pay such taxes.

22. Further, as the IRS is aware through multiple correspondences sent by Plaintiff's tax counsel, Plaintiff ceased to be a Camabo shareholder in 2011, prior to the accrual of the alleged tax liabilities for which she is being pursued. Plaintiff has no equity interest in the business.

23. Plaintiff has repeatedly notified the IRS, since at least 2015, that she was not in any way involved with Camabo at the time that the assessed taxes allegedly accrued in 2012 and 2013.

24. Recognizing that the IRS had no intention of loosening its grip, on October 7, 2021, Plaintiff submitted to the IRS a Claim for Refund and Request for Abatement (Form 843) and a check in the amount of $111.69, which represented the Payroll Taxes for one employee of Camabo (the "Refund Claim").

25. In the Refund Claim, Plaintiff again explained that she was not a "responsible person" under 26 U.S.C. § 6672 and certainly did not willfully fail to pay the required taxes.

26. Plaintiff's Refund Claim was received by the IRS on October 12, 2021.

27. Despite receipt of the Refund Claim, the IRS has since failed and/or refused to release all outstanding tax liens and abate all assessments against Plaintiff and continues to demand payment from without any legal justification.

28. As such, Plaintiff has exhausted all administrative requirements prior to commencing this proceeding.

29. Evidently undeterred, in a letter dated March 28, 2022, the IRS demanded payment from Plaintiff in the amount $1,650,826.53, thereby underscoring the need for prompt judicial resolution.

**FIRST CAUSE OF ACTION**
Claim for Refund and Abatement under 26 U.S.C. § 6672

30. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 29 of the Complaint with the same force and effect as if set forth here in full.

31. In an employer-employee relationship, the employer is required to withhold and remit to the IRS from the wages of employees the following: (a) social security and Medicare taxes under the Federal Insurance Contributions Act ("FICA"), *see* 26 U.S.C. § 3101 *et seq*; (b) taxes under the Federal Unemployment Tax Act, *see* 26 U.S.C. § 3301; and (c) federal income taxes on wages, 26 U.S.C. § 3401. The employees' federal income taxes, and one-half of the employees' FICA taxes (*i.e.*, the "employees' share" of said taxes) are referred to as "trust fund taxes."

32. Under 26 U.S.C. § 6672, the IRS may assess taxes against certain officers and other "responsible" persons associated with a business in connection with its failure to properly account for and remit employment taxes to the IRS.

33. At all relevant times, Plaintiff was not a person required to collect, truthfully account for, and pay the withholding taxes of Camabo.

34. That is, Plaintiff was not a "responsible person" under 26 U.S.C. § 6672.

35. Indeed, Plaintiff cannot be personally liable as a "responsible person" for Camabo for the tax periods at issue because there is no question that Plaintiff (a) had no control over the tax, financial, or business operations of Camabo; (b) did not meet with Camabo accountants; (c) did not prepare, review, sign, or file any employment tax returns; (d) did not negotiate or enter into contracts or financial agreements on behalf of Camabo; (e) was not involved in communications or relationships with any government agencies on behalf of Camabo; and (f) did not determine which creditors of Camabo would be paid, or how much.

36. In addition, Plaintiff did not willfully fail to collect, truthfully account for, or pay withholding taxes on behalf of Camabo.

37. As such, the IRS's assessments, liens and related penalties under 26 U.S.C. § 6672 were erroneous and unlawful.

## CONCLUSION

**WHEREFORE**, Plaintiff respectfully requests that the Court (i) enter judgment in favor of Plaintiff as against the United States in the amount paid by Plaintiff to the IRS to date, plus interest thereon as required by law, or such other amount as may be lawfully refundable; (ii) order that the taxes unlawfully assessed against Plaintiff be abated in full; (iii) order that any and all tax liens against Plaintiff be released; and (iv) award Plaintiff the costs and fees associated with this action, including reasonable attorneys' fees, together with such other, further, or different relief as this Court may deem just and proper.

Dated: June 7, 2022
       White Plains, New York

                **DENLEA & CARTON LLP**

By: _____
Jeffrey I. Carton
Craig M. Cepler
Stan Sharovskiy
2 Westchester Park Drive, Suite 410
White Plains, New York 10604
Tel.: (914) 331-0100
Fax: (914) 331-0105
jcarton@denleacarton.com
ccepler@denleacarton.com
ssharovskiy@denleacarton.com
*Attorneys for Plaintiff*