UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

MARTHA GONZALEZ,

    *Plaintiff,*

    v.

UNITED STATES OF AMERICA,

    *Defendant and Counterclaim Plaintiff,*

    v.

MARTHA GONZALEZ; and
BORIS GONZALEZ,

    *Counterclaim Defendants.*

---------------------------------------------------------------X

Case No. 2:22-cv-03370-ARR-JMW

# DEFENDANT UNITED STATES' ANSWER, AND COUNTERCLAIM

The defendant United States of America responds as follows to plaintiff Martha Gonzalez's complaint and states as follows:

## FIRST DEFENSE

To the extent that the plaintiff failed to properly file a claim for refund as required by 26 U.S.C. § 7422, the complaint must be dismissed for lack of jurisdiction.

## SECOND DEFENSE

To the extent that the complaint varies from any claim for refund, there is an impermissible variance and the complaint must be dismissed.

1

## THIRD DEFENSE

To the extent that plaintiff did not make a claim for refund within two years after a payment was made towards an assessed liability, the complaint is barred by the applicable statute of limitations, 26 U.S.C. § 6511.

## FOURTH DEFENSE

To the extent that this case was filed less than 6 months after plaintiff made a claim for refund or more than 2 years after the IRS denied the claim for refund regarding the assessed liability, the complaint is barred by the applicable statute of limitations, 26 U.S.C. § 6532.

## FIFTH DEFENSE

The plaintiff's claims for an abatement of penalties and the release of liens fail to state a claim upon which relief may be granted.

## SIXTH DEFENSE

To the extent that the plaintiff failed to pay the penalty under 26 U.S.C. § 6672 attributable to one employee's wages for a quarter, the court lacks jurisdiction over the plaintiff's suit for a refund with regard to that quarter.

## SEVENTH DEFENSE

The complaint is barred by sovereign immunity.

## EIGHTH DEFENSE

This Court has no jurisdiction to consider plaintiff's claim for attorney's fees to the extent that the plaintiff has not filed an administrative claim for fees or otherwise exhausted her administrative remedies under 26 U.S.C. § 7430(b)(1).

# NINTH DEFENSE

As for its ninth defense, the defendant United States of America responds to the separate paragraphs of the plaintiff's complaint by stating and alleging as follows:

1. *This is an action for the refund and abatement of federal taxes, penalties, and interest, and for the release of liens assessed against Plaintiff by the Internal Revenue Service (the "IRS").*

**RESPONSE**: The United States admits that this is an action for a refund of penalties and interest, and denies the remaining allegations of paragraph 1. The United States avers that the Court lacks jurisdiction over the refund action.

2. *The IRS has unlawfully and erroneously assessed tax liabilities against Plaintiff based on nothing more than her status as the spouse of the owner and sole shareholder of Camabo Industries, Inc. ("Camabo"), a local construction business based in Nassau County. Plaintiff, however, was not a "responsible person" for Camabo under the law. Therefore, she cannot be held personally responsible for Camabo's employment tax obligations.*

**RESPONSE**: The United States admits that Camabo Industries, Inc., was in the construction business, and denies the remaining allegations of paragraph 2.

3. *In 2012 and 2013, Camabo failed to pay employment taxes. The IRS has since unjustly pursued Plaintiff for years for payment, even though Plaintiff was not an officer of Camabo, did not manage the company's day-to-day functions, had no control over the tax, financial, or business operations of Camabo, did not prepare, review, sign, or file any employment tax returns on Camabo's behalf, and was not involved in communications or relationships with any government agencies.*

**RESPONSE**: The United States admits that Camabo Industries, Inc., failed to pay employment taxes in 2012 and 2013, denies that the IRS has unjustly pursued plaintiff for payment of the trust fund portion of the employment taxes, denies that plaintiff was not an officer of Camabo, and denies that plaintiff had no control over the tax, financial, or business operations of Camabo, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3.

4.      *Without any basis in law or fact, the IRS has spent years threatening Plaintiff with the prospect of levying her property in a bid to hold her personally liable in what can only be described as a strategy of trying to establish responsibility by association. At every turn, Plaintiff has disputed and challenged the IRS's collection efforts, with her protests falling on deaf ears.*

**RESPONSE**:  The United States admits that the IRS has sent the plaintiff notices of intent to levy in regard to the assessments made against her under 26 U.S.C. § 6672, and denies the remaining allegations of paragraph 4.

5.      *Because Plaintiff is not a "responsible person" under 26 U.S.C. § 6672, there is no basis under the Internal Revenue Code to hold Plaintiff personally liable for the employment tax liabilities of Camabo. As such, all outstanding tax liens and assessments against Plaintiff must be released and abated.*

**RESPONSE**: The United States denies the allegations of paragraph 5.

6.      *This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1), 28 U.S.C. § 1331 and 26 U.S.C. § 7422.*

**RESPONSE**: The United States denies the allegations in paragraph 6. The United States avers that the Court lacks jurisdiction over the complaint.

7.      *Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) as Plaintiff resides in Nassau County, New York, in the Eastern District of New York.*

**RESPONSE**: The United States admits that venue is proper to the extent that the Court has jurisdiction over a refund action, and denies any remaining allegations in paragraph 7.

8.      *Plaintiff is an individual who resides in Nassau County, New York.*

**RESPONSE**: The United States admits the allegations of paragraph 8.

9.      *Defendant is the United States of America.*

**RESPONSE**: The United States admits the allegations of paragraph 9.

10.     *Camabo is a New York corporation that has been engaged in the contracting and construction business since 2003.*

**RESPONSE**: The United States admits the allegations of paragraph 10.

11.     *Plaintiff is the wife of Camabo's Chief Executive Officer and Principal, Boris Gonzalez ("Gonzalez").*

**RESPONSE**: The United States admits that plaintiff is the wife of Boris Gonzalez, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11.

12.     *In or around 2013, the IRS assessed tax liabilities against Camabo and issued a lien against Gonzalez as a "responsible" person for Camabo's failure to remit to the IRS federal income taxes withheld on behalf of its employees.*

**RESPONSE**: The United States admits that the IRS made assessments of employment taxes, penalties, and interest against Camabo Industries, Inc., for the last quarter of 2011, the last two quarters of 2012, and all four quarters of 2013, admits that the IRS made assessments under 26 U.S.C. § 6672 against Boris Gonzalez for the trust fund portion of those employment taxes, and denies any remaining allegations in paragraph 12.

13.     *The IRS subsequently assessed taxes, penalties and interest against Plaintiff based on its erroneous determination, pursuant to 26 U.S.C. § 6672, that she too was a "responsible person" for the employment taxes for Camabo.*

**RESPONSE**: The United States admits that that the IRS made assessments under 26 U.S.C. § 6672 against the plaintiff for the trust fund portion of the employment taxes with regard to the wages of the employees of Camabo Industries, Inc., for the last quarter of 2012 and all four quarters of 2013, and denies the remaining allegation in paragraph 13.

14.     *On or about July 14, 2014, the IRS assessed tax liabilities against Plaintiff for employment taxes that were not paid by Camabo for the quarters ending on (i) December 31, 2012, (ii) March 31, 2013 (iii) June 30, 2013, (iv) September 30, 2013, and (v) December 31, 2013.*

**RESPONSE**: The United States admits that, on July 14, 2014, the IRS made assessments under 26 U.S.C. § 6672 against the plaintiff for the trust fund portion of the employment taxes in regard to the wages of the employees of Camabo Industries, Inc., for the last quarter of 2012 and the first, third, and fourth quarters of 2013, admits that, on October 13,

5

2014, the IRS made an assessment under 26 U.S.C. § 6672 against the plaintiff for the trust fund portion of the employment taxes in regard to the wages of the employees of Camabo Industries, Inc., for the second quarter of 2013, and denies any remaining allegation in paragraph 14.

15. *Despite promptly challenging the assessments in the ensuing months, the IRS issued Plaintiff a "Final Notice – Notice of Intent to Levy and Notice of Your Right to a Hearing," on or about April 29, 2016, demanding payment on all assessments for the tax periods at issue.*

**RESPONSE**: The United States denies that the plaintiff administratively challenged the assessments under 26 U.S.C. § 6672 when they were proposed by the IRS, admits that, on February 16, 2015, and December 3, 2015, the IRS gave the plaintiff notices of its intent to levy in order to collect the assessments, admits that, in regard to the four quarters of 2013, the plaintiff requested a collection due process hearing under 26 U.S.C. § 6330 for proposed levies, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15.

16. *Plaintiff contested the final notice, reiterating once again that she could not be personally liable under 26 U.S.C. § 6672 as she did not meet the definition of a "responsible person."*

**RESPONSE**: The United States admits that, for the four quarters of 2013, the plaintiff requested a collection due process hearing under 26 U.S.C. § 6330 for proposed levies in regard to the assessments made under 26 U.S.C. § 6672, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16.

17. *On or about June 21, 2016, the IRS issued a Notice of Determination, baselessly upholding the erroneous assessments.*

**RESPONSE**: The United States admits that, on July 21, 2016, the IRS Office of Appeals resolved the collection due process hearing requested by the plaintiff in regard to the notices of

intent to levy for the assessments made under 26 U.S.C. § 6672 for all four quarters of 2013, and denies the remaining allegations of paragraph 17.

18. *On or about June 22, 2017, over the repeated protestations from Plaintiff's tax counsel – exhaustively explaining that Plaintiff clearly did not meet the threshold of a "responsible person" under the Internal Revenue Code – the IRS filed a tax lien against Plaintiff with the Schoharie County Clerk in the amount of $1,366,796.72.*

**RESPONSE**: The United States admits that a notice of federal tax lien was recorded in Schoharie County, NY, on July 3, 2017, in the amount of $1,366,796.72, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18.

19. *In the years following the filing of the lien, Plaintiff's tax counsel continued to dispute the legal validity of the assessments and lien issued against Plaintiff and asked that it be discharged. The IRS flatly refused to do so in every instance.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20. *Despite the IRS's position, there is no legal basis for the IRS to pursue collection for unpaid taxes against Plaintiff.*

**RESPONSE**: The United States denies the allegations of paragraph 20.

21. *Plaintiff was not a person responsible for collecting, truthfully accounting for, or paying the employment taxes of Camabo, and Plaintiff did not willfully fail to collect, truthfully account for, or pay such taxes.*

**RESPONSE**: The United States denies the allegations of paragraph 21.

22. *Further, as the IRS is aware through multiple correspondences sent by Plaintiff's tax counsel, Plaintiff ceased to be a Camabo shareholder in 2011, prior to the accrual of the alleged tax liabilities for which she is being pursued. Plaintiff has no equity interest in the business.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23. *Plaintiff has repeatedly notified the IRS, since at least 2015, that she was not in any way involved with Camabo at the time that the assessed taxes allegedly accrued in 2012 and 2013.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23.

24. *Recognizing that the IRS had no intention of loosening its grip, on October 7, 2021, Plaintiff submitted to the IRS a Claim for Refund and Request for Abatement (Form 843) and a check in the amount of $111.69, which represented the Payroll Taxes for one employee of Camabo (the "Refund Claim").*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25. *In the Refund Claim, Plaintiff again explained that she was not a "responsible person" under 26 U.S.C. § 6672 and certainly did not willfully fail to pay the required taxes.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26. *Plaintiff's Refund Claim was received by the IRS on October 12, 2021.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27. *Despite receipt of the Refund Claim, the IRS has since failed and/or refused to release all outstanding tax liens and abate all assessments against Plaintiff and continues to demand payment from without any legal justification.*

**RESPONSE**: The United States admits that the assessments have not been fully abated and that the liens have not been released, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28. *As such, Plaintiff has exhausted all administrative requirements prior to commencing this proceeding.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29. *Evidently undeterred, in a letter dated March 28, 2022, the IRS demanded payment from Plaintiff in the amount $1,650,826.53, thereby underscoring the need for prompt judicial resolution.*

**RESPONSE**: The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30. *Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 29 of the Complaint with the same force and effect as if set forth here in full.*

**RESPONSE**: The United States incorporates its responses above to paragraphs 1 through 29 of the complaint as if more fully set forth here.

31. *In an employer-employee relationship, the employer is required to withhold and remit to the IRS from the wages of employees the following: (a) social security and Medicare taxes under the Federal Insurance Contributions Act ("FICA"), see 26 U.S.C. § 3101 et seq;(b) taxes under the Federal Unemployment Tax Act, see 26 U.S.C. § 3301; and (c) federal income taxes on wages, 26 U.S.C. § 3401. The employees' federal income taxes, and one-half of the employees' FICA taxes (i.e., the "employees' share" of said taxes) are referred to as "trust fund taxes."*

**RESPONSE**: The United States admits that employers are required to withhold and remit to the IRS from the wages of employees social security taxes, Medicare taxes, and income taxes, and these portion of the employment taxes are commonly known as the trust fund portion of the taxes, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31.

32. *Under 26 U.S.C. § 6672, the IRS may assess taxes against certain officers and other "responsible" persons associated with a business in connection with its failure to properly account for and remit employment taxes to the IRS.*

**RESPONSE**: The United States admits the allegations of paragraph 32 are a paraphrase of 26 U.S.C. § 6672, and denies any remaining allegations in paragraph 32.

33. *At all relevant times, Plaintiff was not a person required to collect, truthfully account for, and pay the withholding taxes of Camabo.*

**RESPONSE**: The United States denies the allegations of paragraph 33.

34. *That is, Plaintiff was not a "responsible person" under 26 U.S.C. § 6672.*

**RESPONSE**: The United States denies the allegations of paragraph 34.

35. *Indeed, Plaintiff cannot be personally liable as a "responsible person" for Camabo for the tax periods at issue because there is no question that Plaintiff (a) had no control over the tax, financial, or business operations of Camabo; (b) did not meet with Camabo accountants;(c) did not prepare, review, sign, or file any employment tax returns; (d) did not negotiate or enter into contracts or financial agreements on behalf of Camabo; (e) was not involved in communications or relationships with any government agencies on behalf of Camabo; and (f) did not determine which creditors of Camabo would be paid, or how much.*

**RESPONSE**: The United States denies that plaintiff had no control over the tax, financial, or business operations of Camabo Industries, Inc., denies that plaintiff did not enter into contracts or financial agreements on behalf of Camabo, denies that plaintiff cannot be personally liable as a responsible person for the tax periods at issue, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 35.

36. *In addition, Plaintiff did not willfully fail to collect, truthfully account for, or pay withholding taxes on behalf of Camabo.*

**RESPONSE**: The United States denies the allegations of paragraph 36.

37. *As such, the IRS's assessments, liens, and related penalties under 26 U.S.C. § 6672 were erroneous and unlawful.*

**RESPONSE**: The United States denies the allegations of paragraph 37.

## COUNTERCLAIM

The defendant United States of America, pursuant to the provisions of 26 U.S.C. § 7401(a), at the direction of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, and pursuant to the provisions of Rules 13 and 20 of the Federal Rules of Civil Procedure, hereby asserts the a counterclaim against the plaintiff Martha Gonzalez, and joins as a defendant to the counterclaim, Boris Gonzalez, to collect outstanding liabilities for

trust fund recovery penalties under 26 U.S.C. § 6672. The United States complains and alleges for its counterclaim as follows:

38. The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1346(c), and 26 U.S.C. § 7402(a).

39. The counterclaim defendant Martha Gonzalez resides in Nassau County, New York, within the jurisdiction of this Court.

40. The counterclaim defendant Boris Gonzalez resides in Nassau County, New York, within the jurisdiction of this Court. The counterclaim defendant Martha Gonzalez is married to the counterclaim defendant Boris Gonzalez.

41. Martha Gonzalez and Boris Gonzalez each had signature authority on at least one of the bank accounts of Camabo Industries, Inc., during the periods at issue.

42. Martha Gonzalez and Boris Gonzalez each had access to a Camabo Industries' bank account during the periods at issue and made purchases using business debit cards issued in their names and belonging to that Camabo account.

43. Martha Gonzalez's and Boris Gonzalez's personal residence is located at the same address listed as the business address for Camabo Industries, Inc.

44. Martha Gonzalez loaned funds to Camabo Industries, Inc.

45. Martha Gonzalez and Boris Gonzalez were co-debtors with regard to certain liabilities of Camabo Industries, Inc.

46. Until at least 2017, Martha Gonzalez was listed as the Chairman of Camabo Industries, Inc., in searches of information about Camabo Industries, Inc.

47. Boris Gonzalez claimed to be the President of Camabo Industries, Inc., during the periods at issue.

48. Boris Gonzalez signed federal income tax returns for Camabo Industries, Inc., for the periods at issue.

49. Boris Gonzalez signed employment tax returns for Camabo Industries, Inc., during the periods at issue.

50. A delegate of the Secretary of the Treasury of the United States of America made assessments against the counterclaim defendant Martha Gonzalez as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income, FICA, and Medicare taxes withheld from the wages of the employees of Camabo Industries, Inc., and who willfully failed to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the periods described below, with balances due with accruals and costs as of September 1, 2022, as follows:

| Period Ending | Assessment Date | Assessed Amount | Balance Due as of 9/1/2022 |
| --- | --- | --- | --- |
| 12/31/2012 | 7/14/2014 | $228,504.51 | $233,094.58 |
| 3/31/2013 | 7/14/2014 | $14,070.18 | $19,374.61 |
| 6/30/2013 | 10/13/2014 | $144,921.86 | $198,070.33 |
| 9/30/2013 | 7/14/2014 | $497,385.15 | $684,898.91 |
| 12/31/2013 | 7/14/2014 | $444,859.34 | $612,570.88 |
| Total | | $1,329,741.04 | $1,748,009.31 |

51. A delegate of the Secretary of the Treasury properly gave notice of the liabilities described in paragraph 50, above, to, and made a demand for payment upon, the counterclaim defendant Marth Gonzalez.

52. Despite such notice and demand, the counterclaim defendant Martha Gonzalez failed, neglected, or refused to pay the amount of the assessments described in paragraph 50, above, in full, and, as a result, remains indebted to the United States in the amount of $1,748,009.31, plus statutory additions from and after September 1, 2022.

53. A delegate of the Secretary of the Treasury of the United States of America made assessments against the counterclaim defendant Boris Gonzalez as a person responsible for collecting, truthfully accounting for, and paying over to the Internal Revenue Service, the trust fund portion of federal income, FICA, and Medicare taxes withheld from the wages of the employees of Camabo Industries, Inc., and who willfully failed to collect, truthfully account for, and pay over to the Internal Revenue Service those taxes with respect to the periods described below, with balances due with accruals and costs as of September 1, 2022, as follows:

| Period Ending | Assessment Date | Assessed Amount | Balance Due as of 9/1/2022 |
|---|---|---|---|
| 12/31/2011 | 10/14/2013 | $67,274.56 | $84,771.79 |
| 9/30/2012 | 10/14/2013 | $253,191.87 | $356,556.10 |
| 12/31/2012 | 7/14/2014 | $228,504.51 | $232,889.98 |
| 3/31/2013 | 7/14/2014 | $14,070.18 | $19,374.61 |
| 6/30/2013 | 10/13/2014 | $144,921.86 | $198,070.33 |
| 9/30/2013 | 7/14/2014 | $497,385.15 | $684,898.91 |
| 12/31/2013 | 7/14/2014 | $444,859.34 | $612,570.88 |
| Total | | $1,650,207.47 | $2,189,132.60 |

54. A delegate of the Secretary of the Treasury properly gave notice of the liabilities described in paragraph 53, above, to, and made a demand for payment upon, the counterclaim defendant Boris Gonzalez.

55. Despite such notice and demand, the counterclaim defendant Boris Gonzalez failed, neglected, or refused to pay the amount of the assessments described in paragraph 53, above, in full, and, as a result, he remains indebted to the United States in the amount of $2,189,132.60, plus statutory additions from and after September 1, 2022.

WHEREFORE the defendant and counterclaim plaintiff United States requests that this Court:

A. Enter judgment regarding the plaintiff Martha Gonzalez's complaint against her and in favor of the defendant United States;

B. Enter judgment against the counterclaim defendant Martha Gonzalez under 26 U.S.C. § 6672 regarding the wages of the employees of Camabo Industries, Inc., for the periods ending December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013, and December 31, 2013, and in favor of the counterclaim plaintiff United States in the amount of $1,748,009.31, plus statutory additions from and after September 1, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c);

C. Enter judgment against the counterclaim defendant Boris Gonzalez under 26 U.S.C. § 6672 regarding the wages of the employees of Camabo Industries, Inc., for the periods ending December 31, 2011, September 30, 2012, December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013, and December 31, 2013, and in favor of the counterclaim plaintiff United States in the amount of $2,189,132.60, plus statutory additions from and after of September 1, 2022, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c); and,

D. Any other and further relief that this Court deems just and proper.

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Eric A. Ashby II*
ERIC A. ASHBY II
Trial Attorney
Tax Division, U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-514-6508 (v); 202-514-5238 (f)
Eric.A.Ashby@usdoj.gov

Of Counsel:
BREON PEACE
United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered participants.

                                            */s/ Eric A. Ashby II*
                                            ERIC A. ASHBY II
                                            Trial Attorney
                                            United States Department of Justice, Tax Division