FILED
CLERK

May 15, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MARTHA GONZALEZ,

                      Plaintiff,

        -*against*-

UNITED STATES OF AMERICA,

                Defendant and Counterclaim Plaintiff,

        -*against*-

MARTHA GONZALEZ and BORIS GONZALEZ,

                Counterclaim Defendants.
-------------------------------------------------------------------------X

**ORDER**

22-cv-3370 (NRM) (JMW)

**A P P E A R A N C E S:**

Jeffrey I. Carton, Esq.
Stanislav Sharovskiy, Esq.
Craig Matthew Cepler, Esq.
**Denlea & Carton LLP**
2 Westchester Park Drive, Suite 410
White Plains, NY 10604[1]
*Attorneys for Plaintiff and Counterclaim Defendant Martha Gonzalez*

Craig Matthew Cepler, Esq.
**Denlea & Carton LLP**
2 Westchester Park Drive, Suite 410
White Plains, NY 10604
*Attorney for Counterclaim Defendant Boris Gonzalez*

Eric Adrian Ashby, II, Esq.
Julia Glen, Esq.
**DOJ-Tax Division**
P.O. Box 55 Ben Franklin Station
Washington, DC 20044
*Attorneys for Defendant and Counterclaim Plaintiff*

---

[1] The Court docket incorrectly lists Plaintiff counsel Jeffrey I. Carton's address as "West Plains," but should be corrected to indicate "White Plains."

1

**WICKS,** Magistrate Judge:

An important discovery tool in the arsenal of a civil litigator is interrogatories. Designed to gather information, obtain admissions and perhaps narrow the matters in contention, it is also a device that could very well be abused. As such, the Federal Rules set forth parameters for their use, including as to number, timing, and responses. *See* Fed. R. Civ. P. 33(a)(1) (no more than 25, including subparts) and 33(b)(2) (timing of responses and objections).

Before the Court is Defendant's letter motion (DE 25) to compel responses to outstanding its interrogatories. Two issues are presented by this motion: *First,* were objections to the interrogatories waived since they were interposed beyond the deadline to respond? *And second*, should the responding parties be treated as "one" or "two" parties for purposes of determining the limit on the number of interrogatories that may be served on that party, namely, 25 or 50?

## BACKGROUND

On June 7, 2022, Plaintiff Martha Gonzalez ("Martha") filed her Complaint against the United States of America ("Defendant"), asserting a claim for Refund and Abatement stating she was not a "responsible person" under 26 U.S.C. § 6672. (DE 1 at 1.) Specifically, she pleads for a "refund and abatement of federal taxes, penalties and interest, and for the release of liens" in an action against her by the Internal Revenue Service ("IRS"). (*Id.*)

From 2012 to 2013, Camabo Industries, Inc. ("Camabo") did not pay its taxes. (*Id.*) Martha claims that the IRS finds her liable for tax liabilities because she was the sole shareholder of Camabo and spouse of Camabo's Chief Executive Officer and Principal, Boris Gonzalez ("Boris"). (*Id.*) She alleges, however, that she cannot be held accountable simply because she is not a "responsible person" within the meaning of 26 U.S.C. § 6672, given that she was not an

officer of Camabo, and did not manage, control, or sign off on its daily operations. (*Id.* at 1-2.) And, she states that she was no longer a shareholder as of 2011, which pre-dates the tax period for which the IRS claims she was liable. (*Id.* at 4.) In or around July 14, 2014, the IRS assessed tax liabilities of $1,366,796.72 against her for the final quarter of 2012 and all four quarters of 2013. (*Id.* at 3.) Martha alleges that she has contested and challenged the IRS's payment demands multiple times, emphasizing that she is not a "responsible person," but the IRS upheld its determination against her. (*Id.*) After exhaustively complaining to the IRS about this assessment, she decided to submit a Claim for Refund and Request for Abatement to the IRS along with a check for $111.69 which constituted Payroll Taxes for a Camabo employee, while still maintaining her innocence from the liability. (*Id.* at 4.) Most recently, on March 28, 2022, the IRS demanded $1,650,826.53 from Martha. (*Id.* at 5.)

Contrary to Martha's argument in the Complaint, Defendant in its Answer alleged that Martha was a "responsible person" under 26 U.S.C. § 6672. (DE 15 at 7.) Of relevance here, Defendant counterclaims that both Martha and Boris had signature authority on at least one Camabo bank account during the period at issue and had access to those accounts and made purchases.[2] (*Id.* at 11.) In addition, the couples' residence is located at the same address as Camabo; Martha had even loaned money to Camabo and she and Boris were co-debtors for certain liabilities of Camabo's; and Martha was Chairman of Camabo during the periods at issue. (*Id.*)

---

[2] Defendant lists Boris Gonzalez as a "Counterclaim Defendant" in its Answer (DE 15) which would be better characterized as an impleader. *See* Fed. R. Civ. P. 14(3) (allowing third party plaintiffs to serve summonses and complaints on a nonparty who is partially or wholly liable for the alleged claim). The summons for the Answer was issued to Boris (DE 16), and the waiver of service returned by him thereafter (DE 19). Thereafter both Martha and Boris answered the counterclaim (DE 21).

Boris was the President of Camabo during the relevant periods and signed federal income and employment tax returns on the company's behalf. (*Id.* at 11-12.) Defendant calculates Martha's payment owed to be upwards of $1.5 million and Boris's to be slightly over $2 million. (*Id.* at 12-13.)

In its Answer, Defendant seeks judgment against Plaintiff Martha regarding her Complaint; judgment for Defendant and against Counterclaim Defendants Boris and Martha (collectively "Counterclaim Defendants") with regard to the employee wages under 26 U.S.C. § 6672 along with interest pursuant to 26 U.S.C. § 6601 *et seq.* and 28 U.S.C. § 1961(c). (DE 15 at 13-14.)

The Court held an initial conference on November 21, 2022 (DE 23) at which point the Scheduling Order was adopted (DE 24). As relevant here, per the Scheduling Order, the parties served interrogatories and document demands on December 21, 2022. (DE 25 at 2.) Counterclaim Defendants were to respond to the interrogatories on January 20, 2023, but requested a two-week extension to February 3. (*Id.*; DE 25-6 at 2.)

However, Counterclaim Defendants responded three days later in the form of a joint letter alleging the following: (1) that Martha and Boris be considered one party because they share a common interest in the case; (2) the interrogatory exceeds the permitted number of 25 requests because Martha was served with 19 requests and Boris with 25; and (3) because the only issue is whether they are responsible persons under 26 U.S.C. § 6672, obtaining certain information about Camabo's business structure and dealings is irrelevant. (DE 25-5 at 1.) They also included objections and produced over 1,900 pages of documents responsive to Defendant's request for production. (DE 25-6 at 2.)

4

Defendant filed a letter on February 9, 2023 following their meet and confer, stating that it disagreed with the Counterclaim Defendants' contentions that (1) they should be considered a single party because their responsibility should be separately assessed; (2) that the interrogatories exceed the limit; and (3) that the interrogatories were irrelevant. (*Id.* at 1.) Defendant revised each set of interrogatories accordingly and all parties agreed that they would provide these responses by February 23, 2023, and if needed, Counterclaim Defendants would produce a privilege log concerning any withheld or redacted documents. (*Id.* at 2.) Finally, Defendant also noted in the February 9 letter that because Counterclaim Defendants failed to timely object to the initial submitted interrogatories by the extended February 3, 2023 date, all objections are thereby waived. (DE 25-6 at 2.)

On March 7, 2023, Defendant filed the instant Motion to Compel Responses to Interrogatories and included Counterclaim Defendants' revised interrogatory responses.[3] (DE 25.) Counterclaim Defendants filed their Opposition on March 13, 2023. (DE 26.) Defendant requests the Court to order Counterclaim Defendants to provide responses to the revised interrogatories because (1) the number of interrogatories does not exceed 25 per Counterclaim Defendant – 19 were given to Martha and 25 to Boris; (2) objections were waived since they did not respond timely to the initial interrogatories; (3) their objections are merely boilerplate; and (4) even their specific objections are improper. (DE 25.)

For the reasons stated herein, Defendant's Motion to Compel is DENIED.

---

[3] Pending the Court's decision on this Motion, Defendant moved for an extension of time to complete discovery and the Court granted the extension until July 31, 2023. *See* Electronic Order, dated April 8, 2023.

## **LEGAL STANDARD**

"Motions to compel are left to the court's sound discretion." *E.g.*, *Mirra v. Jordan*, No. 13-CV-5519, 2016 WL 889683, at *2 (S.D.N.Y. Feb. 23, 2016); *see Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court."). The permissible scope of the discovery is clear:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). Moreover, "[t]he party seeking the discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *Evans v. Calise*, No. 92 Civ. 8430 (PKL), 1994 WL 185696, at *1 (S.D.N.Y. May 12, 1994); *see also Mandell v. The Maxon Co., Inc.*, No. 06 Civ. 460(RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007) ("[T]he party seeking discovery bears the burden of initially showing relevance."). "Once relevance has been shown, it is up to the responding party to justify curtailing discovery." *Fireman's Fund Insurance Co. v. Great American Insurance Co. of New York,* 284 F.R.D. 132, 135 (S.D.N.Y 2012) (internal quotation marks omitted).

## DISCUSSION

Defendant moves for Counterclaim Defendants to supplement their responses to the Defendant's already revised interrogatories. Defendant argues that Counterclaim Defendants "rely on untimely, boilerplate objections" and refuse to answer many of the interrogatories. (DE 25 at 1.)

### A. Untimeliness of Objections

Defendant argues that the Counterclaim Defendants rely on untimely objections when they responded after the agreed-upon date on February 6, 2023 and continued to assert those objections on February 23, 2023. (DE 25 at 1; DE 25-6 at 2.)

Responding parties must provide answers and objections to the interrogatory within 30 days after service of the requests. Fed. R. Civ. P. 33(b)(2). Failure to timely object to an interrogatory, results in a waiver of that objection unless the untimeliness is excused for good cause by the Court. *See* Fed. R. Civ. P. 33(b)(4); *see Integrity Elecs., Inc. v. Garden State Distribs.*, No. 09 CV 2367 (ILG), 2011 U.S. Dist. LEXIS 70509, at *3 (E.D.N.Y. June 30, 2011) ("By defaulting on their discovery obligations, defendants have also waived any objections to the requests."); *Adkison v. Marshall & Ziolkowski Enters. LLC*, No. CV 07-4739(JS)(WDW), 2008 WL 1924919, at *1 (E.D.N.Y. Apr. 29, 2008) (finding that defendants waived any objections to outstanding interrogatories by "show[ing] no cause at all for their failure to respond to the demands in a timely fashion"); *Silva v. Cofresi*, No. 13 Civ. 3200 (CM) (JCF), 2014 U.S. Dist. LEXIS 105877 at *17 (S.D.N.Y. Aug. 1, 2014) (considering all objections waived because defendant was late in responding to the interrogatory and no good cause was shown); *Kim v. Columbia Univ.*, No. 06 Civ. 5365 (RPP), 2009 U.S. Dist. LEXIS 16243, at *47 (S.D.N.Y. Mar. 2, 2009) (same). Courts do, however, have discretion to determine whether objections to

interrogatories are waived if they are not timely asserted. *Shahzad v. County of Nassau*, No. 13-CV-2268 (SJF) (SIL), 2014 U.S. Dist. LEXIS 136575, at *7 (E.D.N.Y. Sept. 26, 2014).

Defendant served its initial interrogatories on December 21, 2022 and Counterclaim Defendants were to respond on January 20, 2023. (DE 25 at 2.) Counterclaim Defendants were given a two-week extension and were to respond on February 3, 2023 but instead responded on February 6, 2023 with a flurry of objections without demonstrating good cause for their belatedness. (*See* DE 25-5 and 25-6.) Defendant asks the Court to find Counterclaim Defendants' objections to the interrogatories waived because they failed to object within the initial 30-day period. (DE 25 at 2.)

Counterclaim Defendants argue that although they failed to respond to the initial interrogatories on the date agreed upon, they timely served their responses to the revised interrogatories on the agreed upon date of February 23, 2023. (DE 26 at 3.) They argue that the Court has discretion to determine if such a delay, as the one which occurred on February 6, 2023, constitutes a waiver, if it is brief and there was no prejudice. (DE 26 at 3.)

The initial two-week delay was agreed-upon by the parties. Counterclaim Defendants were thus in communication with Defendant about responding to the interrogatories and were not radio silent. And although Counterclaim Defendants did not provide excuse for their delay, three days was *de minimus* and had no impact on the parties' Scheduling Order otherwise. (DE 24.) *Darwin v. Newburgh Operations, LLC*, No. 22-cv-872 (LJL), 2022 U.S. Dist. LEXIS 124190, at *2 (S.D.N.Y. July 13, 2022) (finding no waiver to make objections for a six-day delay to serve discovery responses); *Shahzad*, 2014 U.S. Dist. LEXIS 136575, at *10 (utilizing the court's discretion to excuse defendant's delay in responding to the interrogatories after a month and a half); *Osdoby v. Handi-Foil Corp.*, No. 22-cv-4199 (NG) (JMW), 2023 U.S. Dist. LEXIS 80247,

8

at *7 (E.D.N.Y. May 7, 2023) (finding a four-day delay to be "minimal" and there was an "innocuous reason for the delay—a genuine misunderstanding"). To be sure, the circumstances here are far from the those found in cases within this Circuit that have compelled a party to respond after months of delay to interrogatories. *See, e.g.*, *Techsearch Servc. V. Gorman,* No. 97 Civ. 7641 (JSM)(KNF), 1999 U.S. Dist. LEXIS 518, at *3-5 (S.D.N.Y. Jan. 21, 1999) (finding that defendant did not offer an explanation or excuse for his failure to respond to the interrogatories after four months); *Gov't Emps. Ins. Co. v. Dinesh Verma Med., P.C.,* No. 22-CV-2893 (GRB) (JMW), 2023 U.S. Dist. LEXIS 23983, at *8-9 (E.D.N.Y. Feb. 10, 2023) (compelling defendants to comply with the interrogatory after a three-month delay). But no such punishments shall be imposed here as the delay was negligible and Defendant suffered no harm.

The Court accordingly exercises its discretion in finding that Counterclaim Defendants did not waive objections by interposing their tardy objections on February 6, 2023. The Court next considers the limit on the number of interrogatories that may be served.

### B. Exceeding the Permitted Limit of Number of Interrogatories

Defendant asserts that, contrary to what Counterclaim Defendants argue, Boris and Martha are to be treated as separate parties and therefore the 25-limit has not been reached. That is, it argues that because each Counterclaim Defendant has a separate interest in this matter, in theory Defendant is entitled to serve up to fifty interrogatories on Counterclaim Defendants. (DE 25 at 3.)

Rule 33(a)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a party may serve *no more than 25 written interrogatories*, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and

(2)." Fed. R. Civ. P. 33(a)(1) (emphasis added). And, discrete subparts, constitute separate questions for purposes of Rule 33. *Yong Biao Ji v. Aily Foot Relax Station Inc.*, No. 19 Civ. 11881(VB)(JCM), 2021 U.S. Dist. LEXIS 90860, at *14-15 (S.D.N.Y. May 12, 2021). "The party seeking leave to serve more than 25 interrogatories 'must set forth a 'particularized showing' to exceed the limit.'" *Wall v. Do & Co NY Catering, Inc.*, No. CV 18-3725 (JMA) (AKT), 2021 U.S. Dist. LEXIS 171436, at *4 (E.D.N.Y. Sept. 9, 2021). Cases in other circuits have characterized a 'particularized showing' as providing the proposed interrogatories for review, demonstrating that the information could not be sought elsewhere, or showing that the benefits of the interrogatories would outweigh any burden to the responding party. *See Scripps Health v. Nautilus Ins. Co.*, No. 21-CV-1634-AJB(WVG), 2022 U.S. Dist. LEXIS 238893, at *19-20 (S.D. Cal. Dec. 20, 2022) (finding that defendant did not articulate a need for additional interrogatories); *Duncan v. Paragon Publi'g, Inc.*, 204 F.R.D. 127, 129 (S.D. Ind. 2001) (finding plaintiffs' particularized showing insufficient because the information could be sought elsewhere via other methods, like deposition testimony, and failed to first exhaust available discovery); *Shaw Group, Inc. v. Zurich Am. Ins. Co.*, No. 12-257-JJB-RLB, 2014 U.S. Dist. LEXIS 62846, at *27 (M.D. La. May 7, 2014) (finding that defendant failed to show benefits of additional interrogatories would outweigh a burden to plaintiff).

Here, there are two Counterclaim Defendants being served with 44 requests altogether. The issue presented is whether, for purposes of determining the number limit on interrogatories that can be propounded, Martha and Boris are considered one or two parties.

"While a literal reading of this Rule permits each *party* to serve 25 interrogatories on any other *party,* some courts in this Circuit have questioned that approach." *Liberty Mut. Ins. Co. v. Blessinger*, No. CV 06-391 (NGG) (ARL), 2007 U.S. Dist. LEXIS 45961, at *5 (E.D.N.Y. June

25, 2007); s*ee Zito v. Leasecomm Corp*., 233 F.R.D. 395, 399 (S.D.N.Y. 2006) (concluding that a sensible approach is to limit the number of interrogatories by groups rather than parties). Other courts to examine this issue have also declined to strictly apply Rule 33(a). *See, e.g., Gucci America, Inc. v. Exclusive Imports Int'l.*, No. 99 Civ.11490 RCC FM., 2002 WL1870293 (S.D.N.Y. Aug. 13, 2002) (rejecting six defendants' claim that they were entitled to serve 150 interrogatories and limited the number of interrogatories to 45 where the defendants were acting in unison); *In re Independent Energy Holdings Secs. Litig.,* No. 00Civ.6689(SAS)(MHD), 2003 WL 42010, at * 1 (S.D.N.Y. Jan. 6, 2003) (acknowledging that "joint or aligned parties are entitled to only 25 interrogatories").

Defendant argues that the determination as to whether Martha was liable would not be dispositive of Boris's liability. (DE 25 at 3.) It states the different requests were served to obtain discovery as to each Counterclaim Defendant's level of control over Camabo and the actions they took with regard to the nonpayment of taxes to the IRS or other creditors. (*Id.*) Counterclaim Defendants do not address this in their Opposition but rather discuss this issue in the February 6, 2023 letter simply stating that they have a common interest in the case and are represented by the same attorneys. (DE 25-5 at 1.)

The Court finds that under the circumstances presented here, the Counterclaim Defendants should be treated as one party for purposes of Rule 33(a). There is clearly a common interest shared in light of the allegations of the counterclaims, and their representation by the same attorney is further support.[4] Indeed, other courts have found such similarities. *See McCarthy v. Paine Webber Grp., Inc.,* 168 F.R.D. 448, 450 (D. Conn. 1996) (applying the limit

---

[4] The Court notes in this regard that Defendant has not raised a conflict of interest in this common representation. (*See generally* DE 25.)

11

to each 'side' rather than to each 'party' because all defendants were represented by the same law firm and filed and responded to all motions jointly); *Stiles v. Walmart,* No. 2:14-CV-2234-MCE-DMC, 2020 WL 264420, at *4 (E.D. Cal. Jan. 17, 2020) ("Where separate parties are represented by the same counsel and are acting in unison, they may be treated as one 'party' for purposes of the limit on interrogatories.")

      Here, Defendant served Martha with 19 requests and Boris with 25. But Defendant has not made a "particularized showing" to the Court that there is a need for these excessive interrogatories. It has not provided proposed interrogatories for the Court's review, nor has it demonstrated that Counterclaim Defendants are the only individuals with this information. Nor has Defendant shown that the benefits of the interrogatories would outweigh any burden to Counterclaim Defendants. Indeed, presumably both Counterclaim Defendants will be questioned at depositions. Thus, the Court finds that Martha and Boris should be treated as one party because of the nature of their connections to this case. As such, Defendant is limited to a total of 25 interrogatories to be propounded on both Counterclaim Defendants.

## CONCLUSION

For these reasons stated herein, Defendant's Motion to Compel is denied. The revised interrogatories sent to Counterclaim Defendants on February 9, 2023 are stricken and Defendant is hereby permitted to propound no more than 25 revised interrogatories of upon Counterclaim Defendants.

Dated:         Central Islip, New York
                 May 15, 2023

                                             SO ORDERED:

                                             /S/ *James M. Wicks*
                                                 JAMES M. WICKS
                                           United States Magistrate Judge