UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARTHA GONZALEZ,

    *Plaintiff*,

                  v.

UNITED STATES OF AMERICA,

    *Defendant and Counterclaim Plaintiff*,

                  v.

MARTHA GONZALEZ,

    *Counterclaim Defendant.*
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
22-cv-03370 (OEM) (JMW)

ORELIA E. MERCHANT, United States District Judge:

At the parties' final pretrial conference on April 30, 2025, Defendant and Counterclaim Plaintiff United States of America ("United States") moved for Boris Gonzalez, who will be testifying as a fact witness, to be excluded from the courtroom under Federal Rule of Evidence 615 ("Rule 615"). Plaintiff and Counterclaim Defendant Martha Gonzalez opposes, asserting that Boris Gonzalez is exempt from exclusion under Rule 615(a)(3) as a person whose presence is essential to Martha Gonzalez's claims or defenses.[1] *See* ECF 75. For the following reasons, the Court grants the United States' motion.

Rule 615 grants a party the right to request the exclusion of a witness from the courtroom to prevent the witness from hearing the testimony of other witnesses. "The rule seeks to prevent the 'tailoring' of a witness's testimony to that evidence given earlier in the trial and helps to uncover fabrication." *Bruneau ex rel. Schofield v. S. Kortright Cent. Sch. Dist.*, 163 F.3d 749, 762 (2d Cir. 1998), *abrogated on other grounds by Fitzgerald v. Barnstable Sch. Comm.*, 555

---

[1] The United States filed a letter in response to Gonzalez's opposition. *See* ECF 76.

U.S. 246, (2009). "A party's request to exclude a witness during trial must be granted as a matter of right, unless the witness sought to be excluded fits into one of [Rule 615's] exempted categories." *Id*. "[T]he rule carries a strong presumption in favor of sequestration." *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995).

One of the exceptions to Rule 615 is for "a person whose presence a party shows to be essential to presenting the party's claim or defense." FED. R. EVID. 615(a)(3). The determination of whether a witness is essential under Rule 615(a)(3) lies in the discretion of the district court. *United States v. Ray*, 589 F. Supp. 3d 298, 300 (S.D.N.Y. 2022). The advisory committee notes "contemplate[] such persons as an agent who handled the transaction being litigated or an expert needed to advise counsel in the management of the litigation." FED. R. EVID. 615(a)(3), advisory committee's note; *see, e.g.*, *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 54 (2d Cir. 1993) (explaining that district court erred in sequestering expert witness whose presence was necessary to assist counsel in preparing cross examination); *Ray*, 589 F. Supp. 3d at 300 (permitting government's summary expert witness to be present for all preceding testimony in part because there was no potential for bias to incline the witness to tailor her testimony); *United States v. Franco*, 22-CR-43-1 (VAB), 2025 WL 501843, at *4 (D. Conn. Feb. 14, 2025) (excluding government's witness, the lead investigator on the criminal case, from sequestration whose presence was necessary to assist in developments at trial, including cross-examination).

In determining whether an exception to Rule 615 applies, the Court considers the following factors:

> "(1) how critical the testimony in question is, that is, whether it will involve controverted and material facts; 2) whether the information is ordinarily subject to tailoring, *see United States v. Prichard*, 781 F.2d 179, 183 (10th Cir. 1986) (Testimony regarding 'simple objective facts' is 'ordinarily not subject to tailoring, and, if it were, it could have been exposed easily.'), such that cross-

2

>   examination or other evidence, . . . could bring to light any deficiencies; 3) to what extent the testimony of the witness in question is likely to encompass the same issues as that of other witnesses, . . . 4) the order in which the witnesses will testify, . . . 5) any potential for bias that might motivate the witness to tailor his testimony, *see United States v. Agnes*, 753 F.2d 293, 307 (3d Cir. 1985) (Sequestration found proper when government feared defendant's girlfriend would have both the ability and motive to modify her testimony in favor of defendant.); and 6) if the court is considering exempting the witness from sequestration under Rule 615[(a)](3), whether the witness's presence is 'essential' rather than simply desirable."

*Jackson*, 60 F.3d at 135. After weighing the *Jackson* factors and considering the circumstances of this case, the Court concludes that Boris Gonzalez must be sequestered from the trial during Martha Gonzalez's testimony.

First, Boris Gonzalez is one of three fact witnesses who the parties expect to examine for a combined estimate of ten hours. It is therefore clear that Boris Gonzalez's testimony is crucial to both parties' case and that it is likely to involve material facts which may have a determinative impact on the outcome at trial.

Second, despite Plaintiff's counsel's contention that Boris Gonzalez will testify largely to "simple and objective facts," *see* ECF 75, the Court finds this representation to be unlikely. To the contrary, the United States, which will call Boris Gonzalez as part of its case in chief, asserts that he will testify to the central elements of the parties' claims. As such, unlike summary testimony or previously-disclosed expert opinions, the evidence is of the type that is subject to tailoring.

Third, both Boris and Martha Gonzalez are expected to testify to the operations of Camabo Industries. The United States seeks to elicit testimony from both witnesses regarding Camabo Industries' operations during the same time periods. *See* ECF 76.

Fourth, Boris Gonzalez is expected to testify after Martha Gonzalez, thus increasing the concern for improper tailoring of Boris Gonzalez's testimony. *See, e.g.*, *Franco*, 2025 WL 501843, at *4 (witness exempt from exclusion where, because fact that witness would be called first at trial "therefore eliminate[d] potential concerns over improper tailoring of testimony").

Fifth, Boris and Martha Gonzalez's marital and business relationships create a clear potential for bias that might motivate Boris Gonzalez to tailor his testimony. *See, e.g.*, *Agnes*, 753 F.2d at 307, *abrogated on other grounds by Smith v. Borough of Wilkinsburg*, 147 F.3d 272 (3d Cir. 1998); *United States v. Klaphake*, 64 F.3d 435, 437 (8th Cir. 1995) (affirming district court's exclusion of criminal defendant's tax preparer in part because individuals' business relationship "increased the possibility that [the tax preparer] might modify her testimony to comport with that of other defense witnesses.").

Sixth, Plaintiff's counsel represents that "Boris's assistance to counsel during trial is essential" because he "was actively involved in Camabo during the relevant period when the tax assessments were issued." ECF 75. Thus, Plaintiff's counsel represents that Boris Gonzalez, not Martha Gonzalez, "handled the matters being litigated" and "is necessary for counsel to properly understand the United States's questions and Martha's answers so as to prepare for any redirect." ECF 75. However, the Court does not understand Boris Gonzalez to be someone who "handled the transaction being litigated" in the sense intended by Rule 615. While he may have "handled" matters at issue in litigation, Boris Gonzalez is a fact witness whose testimony on such matters is relevant to the claims and defenses at issue. *See Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co. of New York*, 519 F. Supp. 668, 678 (D. Del. 1981) ("Presumably, every witness has essential testimony or evidence," but that is not sufficient to make a witness essential to the presentation of the case). While Boris Gonzalez may have detailed knowledge of the facts that are helpful to

4

Plaintiff's counsel, Plaintiff has not shown that such knowledge is "essential" for counsel's effective representation at trial. *See Agnes*, 753 F.2d at 306-07, (affirming exclusion of lay witness, defendant's girlfriend, despite assistance to defense counsel, where defendant failed to show presence was essential, rather than merely helpful). There is no reason why Boris Gonzalez cannot communicate such knowledge to counsel before trial. *See Klaphake*, 64 F.3d at 437 (affirming exclusion where defense counsel's argument that witness' intimate awareness of the facts "does not explain why information concerning such matters could not have been communicated to [defense] attorney prior to trial"). Moreover, due to the considerations discussed above, excepting Boris Gonzalez from sequestration may well violate the policy rationale underlying Rule 615: preventing witnesses from tailoring their testimony.

For these reasons, the Court orders that Boris Gonzalez be sequestered from the trial until Martha Gonzalez's testimony is complete. The Court also precludes the disclosure of the content of Martha Gonzalez's testimony to Boris Gonzalez until after the completion of his testimony and he is dismissed as a witness. *See RMH Tech LLC v. PMC Indus., Inc.*, 352 F. Supp. 3d 164, 196 (D. Conn. 2018) ("Rule 615 has been given a long-standing and consistent judicial construction of prohibiting all prospective witnesses from hearing, overhearing, being advised of, reading, and discussing, the previously given in-court testimony of witnesses on their own side as well as the opposite side." (citations omitted)).

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

May 2, 2025
Brooklyn, New York

5