FILED
CLERK

8/22/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
MARTHA GONZALEZ,

        *Plaintiff,*

**MEMORANDUM
AND ORDER**

22-cv-03370-OEM-JMW

-against-

UNITED STATES OF AMERICA,

        *Defendant and
        Counterclaim Plaintiff,*

-against-

MARTHA GONZALEZ and BORIS GONZALEZ,

        *Counterclaim Defendants*

---------------------------------------------------------------X

**A P P E A R A N C E S:**

    Jeffrey I. Carton
    Craig Matthew Cepler
    **Denlea & Carton LLP**
    2 Westchester Park Drive, Suite 410
    White Plains, NY 10604
    *Attorneys for Plaintiff*

    Eric Ashby
    Anderson P. Heston
    Julia Glen
    **DOJ-Tax**
    Washington, DC 20044
    *Attorneys for Defendant*

1

**WICKS,** Magistrate Judge:

Before the Court is Plaintiff's application for the recovery of attorney's fees since she was a "prevailing party" following a jury trial. Plaintiff Martha Gonzalez[1] ("Plaintiff" or "Gonzalez") commenced the underlying action against the United States ("Defendant") for the refund and abatement of federal taxes, penalties, and interest for the release of liens assessed by the Internal Revenue Service ("IRS") against Plaintiff in her role at Camabo Industries, Inc. ("Camabo") for Camabo's alleged failure to pay employment taxes for five quarters spanning from December 31, 2012 to December 31, 2013. (*See generally* ECF No. 1.) Following a three-day jury trial before the Honorable Orelia E. Merchant, Plaintiff was found to not be a "responsible party" as defined under 26 U.S.C. § 6672, and thus the tax liens asserted against Plaintiff for those quarters at Camabo were released. (*See* ECF No. 93 (Second Amended Judgment)).

The parties are now before the Court on Plaintiff's motion for attorneys' fees and costs pursuant to 26 U.S.C. § 7430. (ECF No. 95.) For the reasons that follow, Plaintiff's motion (ECF No. 95) is **DENIED**.

## FACTUAL BACKGROUND

Camabo is a New York corporation that has been engaged in the construction business since 2003. (ECF No. 1 at ¶ 10.) Plaintiff's husband, Boris Gonzalez, is Camabo's Chief Executive Officer and Principal, and owner and sole shareholder of Camabo. (*Id*. at ¶¶ 2, 11.) As Plaintiff contends, after Camabo failed to pay employment taxes in 2012 and 2013, the IRS "unjustly pursued Plaintiff" for payment despite the fact Plaintiff was "not an officer of Camabo,

---

[1] Boris Gonzalez was terminated as a plaintiff on May 9, 2025, following Defendant's motion for summary judgment with respect to its counterclaims against Boris being granted. (ECF No. 49.)

2

did not manage the company's day-to-day functions, had no control over the tax, financial, or business operations of Camabo, did not prepare, review, sign, or file any employment tax returns on Camabo's behalf, and was not involved in communications or relationships with any government agencies." (*Id.* at ¶ 3.) Namely, in 2013, the IRS issued tax liabilities against Camabo and a lien against Plaintiff as a "responsible person" for "failure to remit . . . income taxes withheld on behalf of its employees." (*Id*. at ¶ 12.) Specifically, the IRS assessed taxes, penalties, and interest against Plaintiff, determining that she also was "responsible" for Camabo's employment taxes pursuant to 26 U.S.C. § 6672. (*Id*. at ¶ 13.) On July 14, 2014, the IRS assessed tax liabilities against Plaintiff for employment taxes that were not paid by Camabo for quarters ending on December 31, 2012, March 31, 2013, June 30, 2013, September 30, 2013, and December 31, 2013. (*Id*. at ¶ 14.) Plaintiff alleges that the determination by the IRS was erroneous as she was not responsible for "collecting, truthfully accounting for, or paying the employment taxes of Camabo" and that she ceased to be a shareholder of Camabo in 2011, prior to the accrual of the alleged tax liabilities in 2012 and maintains no equity in Camabo. (*Id*. at ¶¶ 13, 21, 22.)

Consequently, Plaintiff challenged the assessments, but on April 29, 2016, the IRS issued Plaintiff a final notice demanding payment, notifying her of the IRS' intent to levy her property, and advising her of her right to a hearing. (*Id*. at ¶¶ 15-16.) On June 21, 2016, the IRS issued a notice of determination upholding the assessments. (*Id*. at ¶ 17.) One year later, on June 22, 2017, the IRS filed a tax lien against Plaintiff in the amount of $1,366,796.72 despite Plaintiff's continued protestations that she was not a "responsible person" under the Internal Revenue Code. (*Id*. at ¶ 19.) Sensing that the IRS was remaining firm in its determination that she was personally liable, Plaintiff submitted a Claim for Refund and Request of Abatement and a check

3

in the amount of $111.69 representing the payroll taxes for one Camabo employee. (*Id.* at ¶ 24.) In this submission, Plaintiff again explained she was not "responsible" for Camabo's taxes. (*Id.*) The IRS received Plaintiff's refund claim on October 12, 2021, but refused to release the outstanding tax liens and abate the assessments against Plaintiff. (*Id.* at ¶¶ 26-27.) On March 28, 2022, the IRS demanded payment from Plaintiff in the amount of $1,650,826.53. (*Id.* at ¶ 29.)

Accordingly, Plaintiff commenced this action seeking a refund and abatement and under 26 U.S.C. § 6722 against Defendant on the basis that the IRS' assessments, liens, and penalties against her were erroneous and unlawful. (*See id.* at ¶¶ 32-37.) Plaintiff requested reimbursement for the amount paid to the IRS plus accruing interest, that the taxes assessed against her be abated in full and that all tax liens against plaintiff be released, and that she be awarded the costs associated with bringing this action. (*Id.* at p. 7.)

## **PROCEDURAL BACKGROUND**

Three years following the commencement of this case, a jury trial was held before Judge Merchant (ECF No. 1; *see* Electronic Orders dated May 5, 2025) to determine whether Plaintiff was a "responsible person" under 26 U.S.C. § 6672 and whether Plaintiff willfully failed to comply with the statutory withholding tax requirements for each applicable quarter. (*See* ECF No. 84 at pp. 15-21.)

The jury returned its verdict on May 9, 2025 (ECF No. 88), concluding that Plaintiff proved by a preponderance of the evidence that she was "not a responsible person for collecting, accounting for, and paying over to the United States any of the trust fund taxes withheld from the wages of Camabo" during the final quarter of 2012 and all four quarters of 2013. (*See* ECF No. 85.) Similarly, the jury determined that Plaintiff proved by a preponderance of the evidence that

"she did not willfully fail to collect, account for, or pay to [Defendant] any of the trust fund taxes withheld from the wages of Camabo['s] . . . employees" during these same periods. (*Id.*)

Plaintiff was initially awarded judgment in the form of a refund in the amount of $111.69 and a release of all tax liens against her. (ECF No. 91.) Thereafter, on June 10, 2025, Judge Merchant amended the Judgment to specify that the release was for "any and all tax liens against Plaintiff related to the issues in this case," namely "the tax liens against Martha Gonzalez for the trust fund recovery penalties assessed against her pursuant to 26 U.S.C. § 6672 for the fourth quarter of 2012, the first quarter of 2013, the second quarter of 2013, the third quarter of 2013, and the fourth quarter of 2013 shall be released." (Second Amended Judgment, ECF No. 93.)

Following entry of the Second Amended Judgment on June 10, 2025, Plaintiff filed her motion for attorneys' fees and costs pursuant to 26 U.S.C. § 7430 on June 30, 2025 seeking $95,042.19 comprised of $87,051.00 in legal fees and $7,991.19 in expenses expended. (ECF No. 102, Cepler Reply Aff. at ¶ 4.) Defendant opposes. (ECF No. 100.) Judge Merchant thereafter referred Plaintiff's motion to the undersigned. (Electronic Order dated July 14, 2025.)

## DISCUSSION

26 U.S.C. § 7430 "is designed to provide for the award of litigation costs to the taxpayer when the taxpayer has incurred costs in defending against an improper assessment by the IRS." *Weiss v. C.I.R.*, 850 F.2d 111, 114 (2d Cir. 1988). 26 U.S.C. § 7430(a) provides in relevant part:

> In any administrative or court proceeding[2] which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or settlement for . . . (2) reasonable litigation costs incurred in connection with such court proceeding.

---

[2] "Court proceeding" refers to "any civil action brought in a court of the United States (including the Tax Court and the United States Court of Federal Claims)." 26 U.S.C. § 7430(c)(6).

5

"Reasonable litigation costs" includes "reasonable court costs," expert witness fees, costs associated with studies, reports, or tests necessary for preparing a party's case, and "reasonable fees paid or incurred for the services of attorneys in connection with the court proceeding . . . .". 26 U.S.C. § 7430(c)(1). Further, a "'prevailing party' means any party in any proceeding to which subsection (a) applies . . . which [] has substantially prevailed with respect to the amount in controversy, or [] has substantially prevailed with respect to the most significant issue or set of issues presented." *Id.* § 7430(c)(4)(A)(i); *Castillo v. United States*, No. 21-cv-00007 (DF), 2022 WL 902855, at *3 (S.D.N.Y. Mar. 28, 2022). A "prevailing party" must also meet the requirements of "the 1st sentence of section 2412(d)(1)(B)" of the United States Code. *See* § 7430(c)(4)(A)(ii). This provision states:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.

28 U.S.C. § 2412(d)(1)(B).

Under this same statute, a "party" is:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed

*Id.* at § 2412(d)(2)(B).

The award of fees and costs under § 7430(a), however, is not without limitation. For instance, for a party to be entitled to costs and fees, the party must first exhaust administrative remedies:

6

> A judgment for reasonable litigation costs shall not be awarded under subsection (a) in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue Service. Any failure to agree to an extension of the time for the assessment of any tax shall not be taken into account for purposes of determining whether the prevailing party meets the requirements of the preceding sentence.

26 U.S.C. § 7430(b)(1).

Additionally, even where a party may be deemed a "prevailing party," there is an express exception declaring that the party "shall not be treated as the 'prevailing party' . . . if the United States establishes that the position of the United States in the proceeding was substantially justified." 26 U.S.C. § 7430(c)(4)(B). The "position of the United States" refers to "the position taken by the United States in a judicial proceeding to which subsection (a) applies . . . .". *Id.* at § 7430(c)(7).

Accordingly, the following requirements must be satisfied for a party to be entitled to an award of attorneys' fees and costs against the United States: (i) Plaintiff must meet 28 U.S.C. § 2412(d)(2)'s definition of a "party"; (ii) Plaintiff's application must met the necessary procedural prerequisites under 28 U.S.C. § 2412(d)(1)(B); (iii) Plaintiff must have exhausted administrative remedies as required under § 7430(b)(1); and (iv) Plaintiff must be deemed a "prevailing party" under § 7430(c)(4) which effectively requires that the position of the United States in the proceeding not be "substantially justified" under § 7430(c)(4)(B). *See Libutti v. U.S.*, 914 F. Supp. 804, 806–09 (N.D.N.Y. 1995). Only when *all* these elements are satisfied does the Court need to determine the reasonableness of the requested fees and costs. *See Torres v. Barnhart*, No. 02 Civ. 9209 (AJP), 2007 WL 1810238, at *12 (S.D.N.Y. June 25, 2007) (quoting *Smith by Smith v. Bowen*, 867 F.2d 731, 734 (2d Cir. 1989)) ("If a court determines that the underlying agency action was not substantially justified, the victim of that unjustified action is entitled to all

7

reasonable attorney's fees, including all fees and expenses reasonably incurred in connection with the vindication of his rights.") (internal citations omitted).

      i.    *Whether Plaintiff is a "Party" Under 28 U.S.C. § 2412(d)(2)(B)*

In order to qualify for an award of attorney fees and costs under 26 U.S.C. § 7430, the plaintiff must "meet the requirements of section 2412(d)(2)(B) of [] title 28," which requires that the plaintiff meet the statutory definition of a "party." *Libutti*, 914 F. Supp. at 806–07 (citing 26 U.S.C. § 7430(c)(4)(A)(iii)). Under § 2412(d)(2)(B)(ii), a "party" means either an "individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," or "'any owner of an unincorporated business, or any partnership, corporation, association, unit of local government or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed . . . ." § 2412(d)(2)(B)(i)(ii). The record clearly demonstrates Plaintiff easily meets the definition of "party," which is not contested by Defendant. (*See* ECF No. 98, Gonzalez Aff. at ¶ 2 ("As of June 7, 2022, when the Complaint was filed, my net worth did not exceed $2 million."); Gonzalez Aff. at ¶ 3 ("In addition, as of June 7, 2022, I did not own Camabo Industries Inc. and did not have an ownership interest in any corporations with a net worth of more than $7 million and more than 500 employees.")). Accordingly, Plaintiff has satisfied the net worth requirement to be considered a "party" for purposes of recovery of attorneys' fees and costs under to § 7430.

      ii.    *Procedural Prerequisites Under 28 U.S.C. § 2412(d)(1)(B)*

A party seeking an award of fees and other expenses must file its application for fees and expenses "within thirty days of final judgment in the action . . . ." 28 U.S.C. § 2412(d)(1)(B). Here, the Second Amended Judgment was entered on June 10, 2025. (ECF No. 93.) Plaintiff filed her motion for attorneys' fees and costs twenty days later, on June 30, 2025 (ECF No. 95),

8

thus compliant with this procedural requirement. Further, as part of her motion, Plaintiff includes "itemized statement[s]" from her attorneys setting forth the "time expended" and the "rate at which fees and other expenses were computed." *See* § 2412(d)(1)(B); *see also* ECF No. 97-1, Ex. A; ECF No. 97-2, Ex. B. Plaintiff additionally sets forth "the amount sought," $95,042.19 (ECF No. 102, Cepler Reply Aff. at ¶ 4) and demonstrates she is a prevailing party as detailed more below. Accordingly, Plaintiff has complied with the applicable procedural prerequisites.

      iii.    *Exhaustion of Administrative Remedies*

"Before granting attorney's fees, the district court should also consider whether the administrative-exhaustion requirement in 26 U.S.C. § 7430(b)(1) applies to this case and, if so, whether it has been satisfied." *U.S. v. Cathcart*, 291 Fed. App'x 360, 364 (2d Cir. 2008). Indeed, a "[f]ailure to exhaust [administrative] remedies deprives the federal court of jurisdiction over the suit." *Kuhl v. U.S.*, 467 F.3d 145, 147 (2d Cir. 2006). The administrative remedies are spelled out in 26 C.F.R. § 301.7430-1(a) which states:

> Section 7430(b)(1) provides that a court shall not award reasonable litigation costs in any civil tax proceeding under section 7430(a) unless the court determines that the prevailing party has exhausted the administrative remedies available to the party within the Internal Revenue Service. This section sets forth the circumstances in which such administrative remedies shall be deemed to have been exhausted.

*See id.*

Plaintiff submits she "complied with all administrative remedies by (a) requesting and participating in due process hearings with the [IRS] and (b) submitting a claim for refund, dated October 7, 2021." (ECF No. 98, Gonzalez Aff. at ¶ 4.) Defendant rebuts in conclusory fashion that Plaintiff failed to meet her burden to prove exhaustion and merely contends the case Plaintiff relied upon was irrelevant. (*See* ECF No. 100 at p. 14.)

9

In "[a]ctions involving summonses, levies, [and] liens," a party will not be deemed to have exhausted administrative remedies "unless, prior to filing an action in a court of the United States . . . [t]he party follows all applicable [IRS] procedures for contesting the matter (including filing a written protest or claim, requesting an administrative appeal, and participating in an administrative hearing or conference . . . ."). 26 C.F.R. § 301.7430-1(d)(i). Here, Plaintiff submits documented proof that she and her counsel filed a written claim for refund filed with the IRS (ECF No. 98-2, Ex. B), she requested an appeal for a "Collection Due Process [] and/or Equivalent Hearing" (ECF No. 98-1 at pp. 6-7), received notices of determination outlining the matters and conclusions on issues raised during Plaintiff's administrative appeals (ECF No. 98-1 at p. 2), and participated in the due process hearing with the IRS. (*See* ECF No. 98, Gonzalez Aff. Exs. A, B.)

Accordingly, Plaintiff has exhausted all administrative remedies required to qualify for an award of attorney fees. *Compare Castillo v. Comm'r of Internal Revenue*, 160 T.C. 557, 559-60 (2023) (concluding petitioner exhausted administrative remedies under § 7430 by requesting a collection due process hearing, participating in the due process hearing, and subsequently filing her petition in a United States court), *and Dennis v. Comm'r of Internal Revenue*, 120 T.C.M. (CCH) 1, *1-3 (2020) (recognizing the exhaustion of administrative remedies where petitioner filed a collection due process hearing, was issued notices of determination following the hearings, and submitted a petition challenging the notices of determination), *with Kuhl*, 467 F.3d at 148–49 (determining plaintiff asserting a claim under § 7430(b) failed to exhaust administrative remedies available to her because she failed to file a letter detailing her claim with the IRS).

       iv.    *Plaintiff's Status as a "Prevailing Party" and Whether the <u>United States was "Substantially Justified" in its Position</u>*

"Under Section 7430 . . . the primary question is not whether the government acted in bad faith, but whether the taxpayer was the prevailing party." *Cathcart*, 291 Fed. App'x at 363. "The term 'substantially prevailed' in § 7430(c)(4)(A)(ii) can be reasonably interpreted to refer to the final outcome of the case—whether by court judgment or settlement." *Cassuto v. C.I.R.*, 936 F.2d 736, 741 (2d Cir. 1991). Here, it is undisputed that Plaintiff has prevailed on both main issues of the case when the jury found that she was not responsible for Camabo's tax deficiencies, nor did she willfully fail to pay any of Camabo's withholding taxes for all five quarters at issue. Therefore, the crux of the dispute lies in whether the United States' position was substantially justified. If substantially justified, Plaintiff would not be considered the "prevailing party" under § 7430. *See Cathcart*, 291 Fed. App'x at 363 (noting that "[a] party shall not be treated as the prevailing party in a proceeding . . . if the United States establishes that the position of the United States in the proceeding was substantially justified") (quoting § 7430(c)(4)(B)(i)).

"The Supreme Court has defined the term 'substantially justified' as 'justified in substance or in the main' [or] justified to a degree that could satisfy a reasonable person." *Weisbart v. U.S. Dep't of Taxation*, No. CV-97-6020 (CPS), 2001 WL 1782873, at *5 (E.D.N.Y. Nov. 13, 2001) (quoting *Pierce F. Underwood*, 487 U.S. 552, 565–66 (1988)) (alteration in original); *see Smith v. United States*, No. Civ No. 3:09-cv-228 (JBA), 2011 WL 841053, at *3 (D. Conn. Mar. 7, 2011) (finding that a position is substantially justified where it has "a reasonable basis both in law and fact") (quoting *Pierce*, 487 U.S. at 565); *see also Maddow v. Procter & Gamble Co., Inc.*, 107 F.3d 846, 85 (11th Cir. 1997) ("Substantially justified means that reasonable people could differ as to the appropriateness of the contested action.") (quoting

11

*Pierce*, 487 U.S. at 565). The United States bears the burden of demonstrating, based on the totality of the circumstances, that its position was substantially justified. *Id.* (citing *Pac. Fisheries Inc. v. United States*, 484 F.3d 1103, 1107 (9th Cir. 2007)); *see Nat'l Org. for Marriage, Inc. v. U.S.*, 807 F.3d 592, 597 (4th Cir. 2015).

At trial, the United States took the position that Plaintiff was a "responsible party" under § 6672. In considering whether an individual is a "responsible party," courts will generally consider factors including:

> Whether the person: (1) is an officer or member of the board of directors, (2) owns shares or possesses an entrepreneurial stake in the company, (3) is active in the management of day-to-day affairs of the company, (4) has the ability to hire and fire employees, (5) makes decisions regarding which, when and in what order outstanding debts or taxes will be paid, (6) exercises control over daily bank accounts and disbursement records, and (7) has check-signing authority" may all be used to help determine if the government's position was substantially justified, but as previously mentioned it is important to reiterate that no one factor alone is determinative.

*Fiataruolo v. U.S.*, 8 F.3d 930, 939 (2d Cir. 1993); *Reiff v. U.S.*, 461 F. Supp. 2d 142, 150 (S.D.N.Y. 2006) (same).

The core question is "whether the individual has *significant control* over the enterprise's finances," and the term "significant control" is meant to encompass "all those connected closely enough with the business to prevent the [tax] default from occurring." *Fiataruolo*, 8 F.3d at 939 (emphasis in original) (citation omitted).

Plaintiff avers that at trial the United States' case "rested on Martha's technical abilities without regard to what her actual functions were in the relevant time period." (ECF No. 96 at p. 12.) Similarly, she contends that the Government "could point to no discretionary or substantive actions that Martha took during the relevant time period that would show actual authority," but instead focuses on Plaintiff's signing of checks, occasional use of a corporate card, and her signature on loan documents. (*Id.*)

12

This Court, in "considering an attorney's fees application[,] must independently analyze the Government's position." *Porter v. Heckler*, 780 F.2d 920, 922 (11th Cir. 1986). Indeed, "[l]osing on the merits does not necessarily mean that the United States' position lacked substantial justification." *See Faulk Co., Inc. v. Becerra*, No. 4:24-cv-00609-P, 2025 WL 1953854, at *1 (N.D. Tex. July 16, 2025) (citing *Johnson v. Comm'r*, 972 F.3d 655, 658 (5th Cir. 2020)). Indeed, like here, even if a taxpayer prevails following a jury trial, the victory itself does not give rise to entitlement of fee recovery from the Government. Recovery may only be had under § 7430 when United States' position is found not to be "substantially justified."

For example, in *Awmiller v. United States*, the United States Court of Appeals for the Ninth Circuit determined that although the plaintiff-taxpayer prevailed following a jury trial covering whether plaintiff was a "reasonable person" under § 6672, the United States was substantially justified in its position because "a reasonable person could have found [plaintiff] was responsible for the payment of withheld federal payroll taxes". 1 F.3d 930, 931 (9th Cir. 1993). In affirming the district court's conclusion that the United States' position was substantially justified, the court noted that plaintiff was "Comptroller of the corporation, had cosignatory authority over the corporate checking accounts, and signed a $100,000 promissory note on behalf of the corporation." *Id.* Moreover, during trial, one witness testified to plaintiff's complete control over payments to creditors. *Id.* Accordingly, the motion for attorneys' fees under § 7430 was properly denied because the United States carried its burden in establishing that its position was "substantially justified." *See id.* at 930.

Similarly, in *Ankner v. United States*, the court denied a motion for attorney's fees under § 7430 because the United States' position was "substantially justified" despite a jury verdict in favor of the taxpayer-plaintiff. No. 2:21-cv-330, 2024 WL 4825337, at *7-8 (M.D. Fla. Nov. 19,

13

2024). There, judgment was entered against the United States following a jury trial whereby the jurors found the United States did not prove its 26 U.S.C. § 6700 claims against any plaintiff for any of the relevant tax years. *Id.* at *1. Notwithstanding, during the jury trial, the United States was "substantially justified" in its position considering the significant evidence submitted, including testimony and documentary exhibits on applicable standards, guidelines and rulings. *Id.* at *7. Indeed, "[w]hile the Court may consider the jury verdicts, they are not determinative of the decision" of whether the United States was substantially justified because "the jury was not called upon whether to decide whether the government's position was reasonable . . . .". *Id.* at *7.

Here, like in *Awmiller* and *Ankner*, the testimony and evidence the United States relied on in attempting to prove Plaintiff was a "responsible party" under § 6672 is sufficient to find its position "substantially justified." During trial, Plaintiff testified to having signed "hundreds" of checks for employees in 2012 and 2013 (*see* Trial Tr. 187:21-23), she was considered to be a corporate secretary or member of Camabo's Board of Directors and she assumed tasks like facilitating payroll, buying supplies, and paying bills during the quarters at issue. (*See* Trial Exs. P, J-1). Similarly, she regularly used her Camabo-issued debit card and was authorized to write checks and/or spend Camabo funds. (*See* Trial Exs. M, X-Z; *see also* Ex. 3.) Moreover, like in *Awmiller*, Plaintiff signed loan documents on numerous occasions as "owner" of Camabo, despite having already sold off her shares of the corporation, including to obtain a $250,000 loan for Camabo for which she personally guaranteed the repayment of such debt. (*See* Trial Ex. R.)

Indeed, a reasonable factfinder could have found that Plaintiff's activities evidenced a sufficient level of control over Camabo's financial affairs that she could be deemed "responsible" for Camabo's failure to pay employment taxes during the relevant periods. *Au fond*, these activities give rise to a strong inference that Plaintiff was a "responsible party" under

14

*Fiataruolo*. *See, e.g., Hochstein v. U.S.*, 900 F.2d 543, 547–48 (2d Cir. 1990) (determining plaintiff's check-signing authority, coupled with his role as the person requesting funds on behalf of the company, amounted to sufficient control to be considered a responsible person); *Mahler v. U.S.*, 121 F. Supp. 2d 179, 193 (D. Conn. 2000) (citing cases where pledging assets as collateral despite co-owners handling financial affairs was sufficient for a finding of being a "responsible person"); *see also United States v. Appelbaum*, No. 5:12-cv-186 (lead); 3-14-CV-504 (consolidated), 2016 WL 4059680, at *5 (W.D.N.C. July 27, 2016) (finding the government substantially justified in its position that defendant was a responsible party under 26 U.S.C. § 6672 where its position "during the pertinent time periods was shown by the thirteen pieces of circumstantial evidence that could lead a reasonable fact-finder to find liability").

"The United States' inability to convince the jury of the merits of its case does not change the substantial justification of its positions." *Ankner*, 2024 WL 4825337, at *7. In light of Plaintiff's significant control role over the financial affairs of Camabo when considering the totality of circumstances, the Government was "substantially justified" in asserting its position notwithstanding the jury verdict in Plaintiff's favor. *See U.S. v. Scheingold*, 293 F. Supp. 2d 447, 450-51 (D.N.J. 2003) ("Though the jury's verdict ultimately exonerated him from liability as a responsible person under 26 U.S.C. § 6672 . . . the evidence produced at trial" that the taxpayer was "a corporate officer, had a substantial role in managing the corporations' finances, and served in various capacities during important periods of time," resulted in a finding that "the Government's position at trial was founded in both law and fact"). Accordingly, Plaintiff's motion for attorneys' fees and costs is denied.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for attorneys' fees and costs pursuant to 26 U.S.C. § 7430 (ECF No. 95) is **DENIED**.

Dated: Central Islip, New York
August 22, 2025

**S O   O R D E R E D:**
/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge
